FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. JUN 12 2025 LONG ISLAND OFFICE

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. MAY 19 2025 LONG ISLAND OFFICE

REC'D IN PRO SE OFFICE JUN 12 '25 PM 1:49

RECEIVED JUN 12 2025 EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE MAY 19 '25 PM 1:28

RECEIVED MAY 19 2025 EDNY PRO SE OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Michael J. Salese, Plaintiff

v.

Judge William A. Hohauser, Nassau County, Nassau County Supreme Court, Defendants

Case No.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

**CV 25 2814**

**BROWN, J.**   LOCKE, M.J.

### INTRODUCTION

Plaintiff Michael Salese brings this civil rights complaint pursuant to 42 U.S.C. § 1983, asserting that Defendants violated his constitutional rights under the Fifth and Fourteenth Amendments through judicial misconduct, wrongful eviction, jurisdictional overreach, and denial of due process. Plaintiff seeks injunctive relief, compensatory damages, and declaratory relief for violations arising from foreclosure proceedings and eviction.

### JURISDICTION & VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 & 1343**, as Plaintiff's claims arise under federal constitutional law and civil rights statutes.

2. Venue is proper under **28 U.S.C. § 1391(b)**, as the events giving rise to this claim occurred in Nassau County, New York.

### PARTIES

- **Plaintiff:** Michael Salese, a fee simple absolute homeowner unlawfully evicted due to judicial misconduct.

- **Defendant:** Judge William A. Hohauser, who presided over eviction proceedings without jurisdiction, exceeding protected judicial functions.

- **Defendant:** Nassau County, responsible for systemic failures in legal oversight and judicial misconduct.

- **Defendant:** Nassau County Supreme Court, which issued improper rulings causing direct harm to Plaintiff.

## FACTUAL ALLEGATIONS

### Jurisdictional Overreach & Denial of Due Process

- Defendant Judge William A. Hohauser wrongfully presided over eviction proceedings despite Plaintiff's fee simple absolute ownership of the property.

- The Landlord-Tenant Court lacked jurisdiction, yet eviction proceeded unlawfully.

### Repeated Summons to Landlord-Tenant Court

- Plaintiff was summoned multiple times despite his foreclosure case being pending in Supreme Court.

- The repeated court appearances resulted in financial and emotional distress, procedural inefficiencies, and a continued denial of due process.

### Wrongful Eviction & Forced Bankruptcy

- Plaintiff was wrongfully evicted and forced into bankruptcy, despite having no financial obligation to the foreclosing entity.

### Judicial Bias & Misconduct

- Defendant Judge William A. Hohauser opposed Plaintiff's motion to stay eviction proceedings, demonstrating favoritism toward JP Morgan Chase.

- Defendant Judge David P. Sullivan improperly dismissed Plaintiff's motion to transfer holdover proceedings, misapplying **CPLR 6501** and **Res Judicata**, preventing proper legal review.

## DAMAGES REQUESTED

### Economic Damages

Plaintiff seeks compensatory damages for:

- Legal Fees & Attorney Costs: $10,000.00
- Forced Bankruptcy Expenses: $1,500.00
- Property Losses (Seized Assets, Furniture, Electronics): $85,000.00
- Relocation Costs Post-Eviction: $42,950.00

### Punitive Damages

Due to intentional misconduct and violation of due process, Plaintiff requests punitive damages at 5x to 10x economic damages to ensure accountability.

- **Estimated Punitive Damages: $150,000.00**

## LEGAL CLAIMS

### Violation of Fifth & Fourteenth Amendment Due Process Protections

1. Defendants engaged in wrongful eviction proceedings, depriving Plaintiff of a fair hearing and causing financial harm.

### Municipal Liability Under 42 U.S.C. § 1983

1. Nassau County failed to correct unlawful eviction practices and judicial misconduct, constituting systemic failures.

### Supporting Case Law:

- Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) – Establishing municipal liability for civil rights violations.

- Owen v. City of Independence, 445 U.S. 622 (1980) – Holding municipalities accountable for officials violating constitutional protections.

- Connick v. Thompson, 563 U.S. 51 (2011) – Reinforcing municipal liability for systemic judicial abuses.

### Judicial Immunity Challenge

- Defendant Judge William A. Hohauser acted outside protected judicial functions, engaging in:
- Administrative Misconduct (presiding over cases without jurisdiction).
- Intentional Due Process Violations (denying fair hearings).
- Bias & Favoritism (undermining Plaintiff's rights).

### Judicial Immunity Challenge

- Defendant Judge William A. Hohauser acted outside protected judicial functions, engaging in:
- Administrative Misconduct (presiding over cases without jurisdiction).
- Intentional Due Process Violations (denying fair hearings).
- Bias & Favoritism (undermining Plaintiff's rights).

Judicial immunity does not apply under:

- **Stump v. Sparkman, 435 U.S. 349 (1978)** – Establishing exceptions for misconduct beyond judicial discretion.
- **Pulliam v. Allen, 466 U.S. 522 (1984)** – Holding judges accountable for unconstitutional actions.

### PRAYER FOR RELIEF

Plaintiff requests the following relief:

- Declaratory judgment affirming due process violations.
- Compensatory damages for financial losses, legal fees, and emotional distress.
- Punitive damages ensuring accountability.

- Injunctive relief preventing future judicial misconduct in foreclosure proceedings.

- Any additional relief the Court deems just and proper.

Respectfully submitted,
Michael Salese
C/O Michael J Salese 14161 Union Street Ext. Milton, DE 19968
MJSalese@aol.com   (516)637-5719

c/o Michael
14161 Union St. Ext.
Milton DE 19968

Case 2:25-cv-02814-GRB-JMW   Document 1   Filed 05/19/25   Page 6 of 6 PageID #: 6




7022 2410 0003 0885 2620   RDC 99   11722

U.S. POSTAGE
FCM LG ENV
MILTON, DE 1
MAY 14, 2025
$10.72
S2324P50203

5/19 LN

United States District Court
Eastern District of New York
Alfonse M D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, N.Y. 11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
MAY 19 2025
LONG ISLAND OFFICE